UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERIC DAVIS, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-7430** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 16). For the following reasons, the Plaintiffs' motion is now GRANTED.

## I. BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home located at 184 West Tessie Lane in Port Sulphur, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Allstate Insurance Company ("Allstate"), the Plaintiffs' homeowners' insurance carrier, and Tom Burlette Agency, LLC. The Plaintiffs have also sued the following Allstate claims representatives: Rickena Perry, Bruce Reynolds, Melissa Gaul-Rosell, and Roy Bastenbeck.

In August of 2006, the Plaintiffs filed the present action in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana. The Plaintiffs allege that they are entitled to payment from Allstate for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. The Plaintiffs also allege that Burlette made various misrepresentations and failed to procure adequate insurance. Lastly, the Plaintiffs allege that the adjusters failed to adjust their claim in good faith.

Allstate removed this case to federal court on October 5, 2006, contending that this Court

1

has diversity jurisdiction under 28 U.S.C. § 1332, because Burlette and the adjusters are improperly joined and the amount in controversy exceeds $75,000.  On February 9, 2007, the Plaintiffs filed the instant motion to remand.

## II.    LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Allstate contends that the Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiffs and the properly joined Defendant, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

Allstate asserts that diversity of citizenship exists because Burlette and the adjusters, the non-diverse defendants, were improperly joined and, therefore, that the Court must disregard the citizenship of these defendants.  "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of

jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

Allstate asserts that the Plaintiffs' claims against Burlette are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, her claim must be dismissed. Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, her claim must be dismissed. Allstate argues that the peremptive periods commenced, at the latest, when the Plaintiffs purchased their policy in 1992. Without further factual development, however, the Court cannot conclude that the Plaintiffs have no possibility of recovery against Burlette in this case. *See, e.g., S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006). Accordingly, the Court finds that Burlette was not improperly joined and, thus, that diversity jurisdiction does not exist. *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).[1]

---

[1] In the alternative, Allstate argues that Burlette is misjoined because the Plaintiffs' claims against Burlette and Allstate arise out of completely separate transactions and occurrences and involve separate issues of law and fact. The Court finds, however, that the joinder of the Plaintiffs' claims against Allstate and Burlette are not "so egregious as to constitute fraudulent joinder," as these claims arise from damages sustained to the Plaintiffs' property during

**III.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED and that this matter is hereby REMANDED to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

New Orleans, Louisiana, this   16th   day of   March  , 2007.

UNITED STATES DISTRICT JUDGE

---

Hurricanes Katrina. *See Barash v. Encompass Indem. Co.*, No. 06-9438, 2006 WL 3791310, at *5 (E.D. La. Dec. 21, 2006) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and discussing similar cases).

Lastly, having found that diversity of citizenship does not exist, the Court need not consider whether adjusters were improperly joined or whether the amount-in-controversy requirement has been satisfied.